UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GEORGITSI REALTY, LLC,                          :
                                                :
                                                :
                                                :
              Plaintiff,                        :
                                                :   **DECISION & ORDER**
     v.                                         :   21-CV-6783 (WFK)
                                                :
                                                :
SCOTTSDALE INSURANCE COMPANY,                   :
                                                :
                                                :
                                                :
                                                :
              Defendant.                        :
------------------------------------------------------------x

**WILLIAM F. KUNTZ, II, United States District Judge:** On December 7, 2021, Georgitsi Realty, LLC ("Plaintiff") filed a Complaint against Scottsdale Insurance Company ("Defendant") alleging Defendant must satisfy the $12,143,446.69 judgment Plaintiff obtained against Defendant's insured, Immobiliaria Builders Corp. ("IBC"), in an underlying property damage action in Kings County Supreme Court ("Underlying State Action"). Compl., ECF No. 1. Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds IBC breached its obligation to cooperate in the defense of the underlying action, and therefore Defendant is relieved of its coverage obligation in connection thereto. Mot. to Dismiss, ECF No. 20. For the reasons set forth below, Defendant's motion to dismiss is GRANTED.

## BACKGROUND

For the purposes of assessing a Rule 12(b)(6) motion to dismiss, the Court must "accept as true all material allegations [in] the complaint" and "construe the complaint in favor of the complaining party." *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 850 F.3d 58, 77 (2d Cir. 2017) (quoting *Cortlandt St. Recovery Corp. v. Hellas Telecomms. S.à.r.L.*, 790 F.3d 411, 417 (2d Cir. 2015) (internal citation omitted)). The Court also considers "any written instrument attached to the complaint, [and] statements or documents incorporated into the complaint by reference." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). The following factual recitation is informed by the allegations set forth in the Complaint and interpreted in Plaintiff's favor.

1

Prior to 2007, and at all relevant times hereinafter mentioned, Plaintiff was and remains the owner in fee simple of the property at 1502 8th Avenue in Brooklyn, New York and of the improvements located thereon. Compl., ECF No. 1, at 2. The property includes a multi-story building consisting of a commercial unit at street level and residential apartments on the upper floors. *Id.* In 2007, Immobiliaria Builders Corp. ("IBC") began an excavation project at 406-408 15th Street in Brooklyn, New York, which is adjacent and contiguous to the building on Plaintiff's property. *Id.* at 3.

In the course of its excavation, IBC allegedly caused considerable damage to Plaintiff's property. Plaintiff claims IBC caused Plaintiff's building to vibrate and move vertically and horizontally, to develop cracks in its foundation and its inner and outer walls, and to separate at its internal staircases and at its rear foundation wall. *Id.* at 4. Indeed, by Plaintiff's account, IBC was the proximate cause of extensive damage, which seriously compromised the soundness and foundation of Plaintiff's building. *Id.*

In an attempt to recover for this property damage, Plaintiff initiated an action in Kings County Supreme Court under Index No. 45669/2007 ("State Court Action"). In doing so, Plaintiff alleged its damages were caused by the work of IBC and its employees, agents, and representatives in the course of their excavation project. *Id.*

Plaintiff's State Court Action was ultimately successful. Plaintiff secured a summary judgment award against IBC by a court order dated February 23, 2018, which was entered by the Kings County Clerk on February 26, 2018. *Id.* Thereafter, on September 15, 2021, a Special Referee in Kings County Supreme Court awarded Plaintiff a verdict against IBC in the amount of $5,324,323.85, which was formalized into a judgment on September 23, 2021. *Id.* at 5. On this date, the court not only awarded Plaintiff $5,324,323.85 plus interest, but also awarded an

2

additional $6,819,122.84 to Plaintiff, bringing the total amount entered against IBC to $12,143,446.69. *Id.* at 5.

At the conclusion of these proceedings, a copy of the judgment with notice of entry and a demand for payment thereof were duly served on IBC and Scottsdale Insurance Company ("Defendant")—IBC's insurance provider. *Id.* (noting IBC and Defendant were served on September 24, 2021 and November 4, 2021, respectively). Yet, at present, no part of the judgment has been paid and the amount remains wholly unsatisfied. *Id.*

Plaintiff brings the instant action against Defendant Scottsdale Insurance Company in Defendant's capacity as IBC's insurance provider during the relevant period, seeking the outstanding payment. Specifically, Plaintiff seeks a declaratory judgment against Defendant in an amount of $12,143,446.69, including interest up until the day of payment, in addition to attorneys' fees and expenses accounting for the costs Plaintiff has incurred through the course of the instant litigation. *Id.* at 7.

Plaintiff argues Defendant Scottsdale Insurance Company is obligated to indemnify IBC in the underlying State Court Action pursuant to the general liability insurance policy Defendant issued to IBC during the relevant period. In particular, Plaintiff alleges Defendant is responsible for IBC's debt to Plaintiff for the damage IBC caused in the course of the underlying excavation project. Plaintiff points to Defendant's policy with IBC, which included "coverage and indemnity to [IBC] for liability arising from the conduct and business operations of [IBC] as a contractor for property damage to third parties caused by it while engaged in business as a contractor and excavator." *Id.* at 2 (Policy Number CLS1296802).

Neither Plaintiff nor Defendant contest that IBC's underlying conduct—its excavation at 406-408 15th Street and the resulting property damage—falls within the scope of Defendant's

insurance policy. *See* Mot. to Dismiss, ECF No. 20, at 3-4. That said, Defendant claims to be relieved of its obligation to pay on the grounds IBC failed to adhere to several conditions precedent to coverage. *Id.* at 3. Particularly relevant here, as Defendant notes, is the condition requiring IBC to cooperate with Defendant in any investigation and or defense of claims and lawsuits should they arise. *See id.* (referencing Exhibit 18, Scottsdale Policy at Section I(1)(a) ("We will pay those sums that the insured becomes legally obligated to pay because of …'property damage'…")). Defendant also argues as important for present purposes is the provision in the insurance policy which states: "[a] person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance[,]" which, as Defendant explained, was $1,000,000.00 under IBC's policy. *Id.* at 3-4 (referencing Exhibit 18, Section I(2)(c)).

    Defendant argues these provisions demonstrate IBC is not covered by Scottsdale Insurance in the underlying matter, and thus, by extension, Plaintiff has failed to state a claim against *this* Defendant upon which relief may be granted. *Id.* at 8. This argument not only forms the basis of Defendant's instant motion to dismiss, *see id.*, but it grounded the declaratory judgment action Defendant initiated against Plaintiff in this court on March 27, 2017. *See* Exhibit F, ECF No. 20-8 (Defendant's Declaratory Judgment Complaint dated March 27, 2017). In that action, Defendant asked the district court, *inter alia,* to be relieved of its coverage obligations due to IBC's non-cooperation in the defense of the State Court Action. *Id.* The Court ultimately granted Defendant's Request for Certificate of Default on June 21, 2021 after IBC failed to appear. *See* Exhibit I, Certificate of Default, ECF No. 20-11. Through no fault of Defendant, IBC continued to fail to appear, leading the court to grant Defendant's motion for default judgment. Exhibit O, Default

4

Judgment Order, ECF No. 20-17.  In the Order, the Court held Defendant had no duty to defend or indemnify IBC in the State Court Action.  *Id.*

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  The standard is not a "probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal citations and quotations omitted).  The Court must "accept[] all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).  Nonetheless, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678; *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013) (stating the same).

Moreover, at the motion to dismiss stage, the reviewing court is permitted to consider not only the complaint itself but also any documents incorporated by reference therein as well as any matters of which a court may take judicial notice.  *See, e.g.*, *Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021) ("[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."); *Tellabs, Inc. v.*

*Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *Munno v. Town of Orangetown*, 391 F. Supp. 2d 263, 268 (S.D.N.Y. 2005) (McMahon, J.) (noting courts may take judicial notice of, *inter alia,* documents which are part of the public record, such as court filings in prior litigations).

In deciding a motion to dismiss, district courts must "assess the legal feasibility of the complaint, not . . . assay the weight of the evidence which might be offered in support thereof." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (internal citation and quotation marks omitted). A complaint must be dismissed where, as a matter of law, "the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.

## DISCUSSION

As the Second Circuit has made clear, under New York law, "an insurance contract is interpreted to give effect to the intent of the parties as expressed in the clear language of the contract." *Parks Real Est. Purchasing Grp. v. St. Paul Fire & Marine Ins. Co.*, 472 F.3d 33, 42 (2d Cir. 2006) (internal quotation marks omitted). "Unambiguous provisions of an insurance policy are to be given their 'plain and ordinary meaning,' and the plain and ordinary meaning of words may not be disregarded to find an ambiguity where none exists." *Dish Network Corp. v. Ace Am. Ins. Co.*, 21 F.4th 207, 211 (2d Cir. 2021) (referencing *Fed. Ins. Co. v. Am. Home Assurance Co.*, 639 F.3d 557, 567 (2d Cir. 2011) (internal quotation marks omitted)).

IBC's insurance policy with Defendant unambiguously sets forth several conditions precedent to coverage. For instance, the agreement requires, in relevant part, that IBC "[c]ooperate with [Defendant] in the investigation or settlement of the claim or defense against [a] 'suit.'" Exhibit P, Scottsdale Insurance Policy, ECF No. 20-18 at 19. Defendant notes, and the Court agrees, "[i]t is well settled that a breach of such a policy condition is a valid basis for a carrier to

6

disclaim coverage." *See* Mot. to Dismiss at 10 (referencing *State Farm Indem. Co. v. Moore*, 58 A.D.3d 429 (1st Dep't 2009) ("[w]hen an insured deliberately fails to cooperate with its insurer in the investigation of a covered incident as required by the policy, the insurer may disclaim coverage.")). That being the case, "an insurance company bears a heavy burden in seeking to disclaim liability, because an innocent third party often will suffer." *See New York City Hous. Auth. v. Hous. Auth. Risk Retention Grp., Inc.*, 203 F.3d 145, 151 (2d Cir. 2000) (citing *Thrasher v. U.S. Liability Ins. Co.*, 278 N.Y.S.2d 793, 800 (1967)).

Courts in this Circuit have held, "to disclaim coverage on the ground of an insured's lack of cooperation, the carrier must demonstrate (1) that it acted diligently in seeking to bring about the insured's cooperation, (2) that the efforts employed by the insurer were reasonably calculated to obtain the insured's cooperation, and (3) that the attitude of the insured, after his cooperation was sought, was one of willful and avowed obstruction." *Hous. Auth. Risk Retention Grp., Inc.*, 203 F.3d at 151 (citing *Pawtucket Mut. Ins. Co. v. Soler*, 584 N.Y.S.2d 192, 193 (2d Dep't.1992)); *see also Scottsdale Ins. Co. v. LCB Const. LLC*, 2012 WL 1038829, at *3 (E.D.N.Y. Feb. 14, 2012) (Azrack, M.J.), *report and recommendation adopted*, 11-CV-3316 (ARR) (JMA), 2012 WL 1041455 (E.D.N.Y. Mar. 28, 2012) (Ross, J.) (quoting *Allstate Ins. Co. v. United Int'l Ins. Co.*, 16 A.D.3d 605 (2d Dep't 2005) (announcing this same test)).

This Court now concludes, as the Court has done before, Defendant has met its burden to be relieved of its obligations underlying the instant claim. *See* Default Judgment Order, Exhibit 17, ECF No-20-17 at 1 (order by Judge Glasser of the Eastern District of New York granting Defendant's request for Default Judgment against IBC on the grounds IBC failed to cooperate with Defendant in its defense of the Underlying State Action) (concluding "SCOTTSDALE INSURANCE COMPANY has no duty to defend or indemnify IMMOBILIARIA BUILDERS

CORP in the Underlying Actions."). As detailed in Defendant's instant motion, and in the documents referenced therein, Defendant diligently and repeatedly attempted to encourage IBC to cooperate in its defense of the Underlying State Action. *See* Mot. to Dismiss at 11-14. Despite Defendant's efforts, IBC continuously declined to do so. IBC's blatant noncompliance with the terms of its insurance policy—namely its failure to adhere to the condition precedent to coverage requiring IBC to cooperate with Defendant in investigations and or actions brought against it that would otherwise fall within the scope of its insurance policy—constitute permissible grounds for Defendant to disclaim coverage here.

Indeed, the Court finds Defendant has met each and every element of the foregoing test and thus holds Defendant owes no obligation—either to IBC or to Plaintiff—to cover the cost of the damages stemming from IBC's excavation project. *See* Mot. to Dismiss at 11-14 (applying the three-step test to the facts at hand and summarizing its analysis as follows: "Scottsdale retained defense counsel for IBC. Scottsdale (on its own and through counsel) repeatedly attempted to secure the cooperation of IBC in the Underlying Action. Scottsdale incurred the expense of retaining an investigator to try and secure IBC's cooperation. Scottsdale and its appointed counsel repeatedly advised IBC of its need to cooperate and the consequences of failing to do so. Yet IBC chose to completely cease contact with Scottsdale and defense counsel, severely prejudicing Scottsdale and forcing Scottsdale's hand into commencing an action against IBC and obtaining a declaration that it had no coverage obligations with respect to the Underlying Action."); *see also* Default Judgment Order at 1 (Judge Glasser's Order embracing this conclusion).

Finding Defendant owes no obligations towards the insured, IBC, the Court must also find, and does so find, Defendant owes no obligations towards this Plaintiff, whose instant claims are predicated on the applicability of the underlying insurance agreement. *See Spencer v. Tower Ins.*

8

*Grp. Corp.*, 13 N.Y.S.3d 492, 493 (2015) ("When a plaintiff maintains a direct action against an insurer pursuant to Insurance Law § 3420, the plaintiff stands in the shoes of the insured and can have no greater rights than the insured."); *see also* Mot. to Dismiss at 10 ("In line with [the principle announced in *Spencer*, 130 A.D. at 710] Insurance Law § 3420(c)(1) provides that the demonstrable non-cooperation of an insured is a valid defense to an action, such as this one, brought by an underlying plaintiff pursuant to § 3432(a)(2)."); *id.* at 3 (referencing Scottsdale Insurance Policy at 19 (additional terms in IBC's insurance policy also limit the insured's coverage to $1,000,000.00 per-occurrence thereby casting doubt on whether Defendant is liable to cover the full amount of the $12,143,446.69 award Plaintiff now seeks)).

## CONCLUSION

In light of the fact IBC failed to adhere to the terms of its insurance agreement with Defendant, the Court hereby finds Defendant owes no obligations to cover or indemnify IBC for the damages underlying Plaintiff's claims. Accordingly, Defendant's motion to dismiss is hereby GRANTED in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). The Clerk of Court is respectfully directed to close the case, and mail a copy of this memorandum and order to Plaintiff.

SO ORDERED.

s/ WFK

HONORABLE WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: May 4, 2023
Brooklyn, New York

9